FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2010 ★
BROOKLYN OFFICE

ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KELVIN SOTO,

               Plaintiff,

-against-

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-3238 (FB)

*Appearances:*
*For Kelvin Soto:*
BARRY SIMON, ESQ.
SIMON & GILMAN, LLP
97-45 Queens Boulevard
Forest Hills, New York 11374

*For the Commissioner:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:   JOHN VAGELATOS, ESQ.
        Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Kelvin Soto ("Soto") challenged the final determination of the defendant, the Commissioner of Social Security ("the Commissioner"), denying his application for disability insurance benefits and supplemental security income benefits under the Social Security Act (collectively, "DIB"). The Commissioner stipulated to a remand for a new hearing, and the Court subsequently endorsed the stipulation pursuant to the fourth sentence of 42 U.S.C. § 405(g) (empowering court to, *inter alia*, reverse the Commissioner's decision and remand for a new hearing). Soto now timely moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("the EAJA"). The Government does not oppose. Soto's application is granted for the following reasons.

The EAJA provides, in relevant part, that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action[.]" 28 U.S.C. § 2412(d). The EAJA applies to any civil action where: (1) the claimant is a prevailing party; (2) the Government's position was not "substantially justified"; and (3) no "special circumstances" exist that "make an award unjust." *Id.*; *see also Comm'r of INS v. Jean*, 496 U.S. 154, 158 (1990) (same).

A prevailing party is one that "has succeeded on any significant issue in litigation which achieved some of the benefit the part[y] sought in bringing suit," such that the party is able to "point to a resolution of the dispute which changes the legal relationship between" the parties. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (internal marks and citations omitted) (construing "prevailing party" in context of fee awards under 42 U.S.C. § 1988); *Kerin v. United States Postal Serv.*, 218 F.3d 185, 189 n.1 (2d Cir. 2000) (applying standard of *Texas State Teachers* to EAJA). "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Soto won a sentence-four remand order and therefore qualifies as a "prevailing party."

Once a party has demonstrated that it is a "prevailing party . . . the burden shifts to the government to demonstrate that its litigation position was substantially justified." *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)

(citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Government has effectively conceded that it cannot meet this burden since it has not opposed the fee application.[1]

The Court is unaware of any "special circumstances" that counsel against an EAJA award. It turns, therefore, to the calculation of the amount. An EAJA award of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). Fees are capped at "$125 per hour," but the cap does not apply if "the court determines that an increase in the cost of living . . . justifies a higher fee." *Id.* The "cost of living" adjustment to be applied is that "measured by the Consumer Price Index . . . for each year in which the legal work was performed." *Kerin*, 218 F.3d at 194.

Soto submitted records of the United States Department of Labor that chronicle the Consumer Price Index; in sum, they support his calculation that an adjustment for increases in the cost of living merits a rate of $134 per hour.

As for the number of hours worked, a fee applicant "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A district court has "broad discretion" in determining whether

---

[1] The record independently supports this conclusion; the Government offered to remand the matter less than a month after filing its Answer. *Compare* Letter from B. Simon to J. Vagelatos, Docket Entry No. 12 (Jan. 21, 2010) (referring to Government's proposed stipulation to remand), *with* Ans., Docket Entry No. 10 (Dec. 28, 2009) (Government's *pro forma* denial of the allegations of the complaint). Soto's counsel's records reflect that the Government's offer to remand came only one week after the Government's Answer. *See* Simon Decl., Ex. A, at 1 (billing entry for January 6, 2010:"[p]hone call to AUSA re Stipulation to remand case"); *see also Jackson v. Heckler*, 629 F. Supp. 398, 405 (S.D.N.Y. 1986) (noting that a denial of all claims in an answer, "followed by an about-face and a voluntary consent to remand," supports conclusion that "government's litigation position was not substantially justified").

time was reasonably expended, but "need not . . . scrutiniz[e] each action taken or the time spent on it." *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986). Nonetheless, a district court has an affirmative duty to discount any "[e]xorbitant, unfounded, or procedurally defective fee applications" to ensure that the final award is reasonable. *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

Soto's counsel submitted a detailed billing record reflecting a total of 19.30 hours. The bulk of counsel's time was spent meeting with Soto, reviewing the administrative record, preparing the complaint, and communicating with Government counsel. The Court finds that the claimed hours are reasonable, with the following exceptions: Soto's counsel claims one hour total for personally filing the complaint in the district court (one half-hour) and personally serving it on the Government (one half-hour). Filing and service were necessary tasks, but those tasks did not require an attorney; they could have been performed by a process server at a lesser cost. Since these tasks could not have been performed at zero cost, however, the Court elects to reduce the compensable time spent performing these tasks by one half-hour. Soto's counsel also claims two hours spent traveling to and from downtown Brooklyn to achieve filing and service. The Court is disinclined to "compensate a party for travel or waiting time in the absence of a showing that the party worked on the case during that time." *Crudele v. Chater*, No. 92-CV-7912, 1997 WL 198076, at *5 (S.D.N.Y. Apr. 23, 1997) (internal citation omitted). Accordingly, these two hours are excluded, leaving a compensable total of 16.80 hours.

In light of the fact that the Government offered to remand the case, the Court notes that several courts have distinguished between fees incurred *prior* to an offer to

remand and fees incurred *following* such an offer. *See, e.g., Harris v. Astrue,* ___ F. Supp. 2d ___, No. 08-CV-3356, 2010 WL 1328820, at *2 (E.D.N.Y. Mar. 31, 2010) ("[C]ourts have in some circumstances refused to grant fees expended after refusing to accept an offer to remand."); *McKay v. Barnhart,* 327 F. Supp. 2d 263, 269 (S.D.N.Y. 2004) (denying fees incurred after offer to remand where plaintiff opposed remand; awarding fees incurred prior to offer because plaintiff's "initial complaint . . . was successful insofar as it elicited the offer to remand"). Soto's application does seek compensation for fees incurred after the Government's offer to remand, but the record reflects that those hours were expended in active negotiations of the terms of the remand stipulation. *See, e.g.,* Simon Decl., Ex. A, at 1 (reflecting billing entries for "revised language for Stipulation of Remand"); Letter from B. Simon to J. Vagelatos, Docket Entry No. 12 (Jan. 20, 2010) (noting Soto's objections to certain language in the proposed remand stipulation). In these circumstances, Soto is entitled to fees for attorney work following the Government's offer to remand.

Soto's counsel also claims 3.50 hours spent preparing the EAJA application. Once a claimant has established eligibility for an EAJA award, the time spent litigating that award is compensable. *Jean,* 496 U.S. at 165-66. Although 3.50 hours seems high since the Government has offered no opposition, counsel did not know that his application would be unopposed. Accordingly, the Court finds these hours reasonable.

The total number of compensable hours is 20.30. Multiplied by the hourly rate of $134, the total award is $2,720.20.

In conclusion, the Court directs the Government to pay attorney's fees in the amount of $2,720.20 to Soto's counsel.[2]

**SO ORDERED.**

                                                          s/Frederic Block
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

Brooklyn, New York
May 19, 2010

---

[2] Soto assigned his interest in the EAJA award to his counsel, Barry Simon, Esq. *See* Letter of Assignment, Docket Entry No. 17 (Mar. 29, 2010).